IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL CASE NO.: 5:97CR109-V; 5:04CV77-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ROGER BYRD, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's "*Pro Se* Nunc Pro Tunc Rule 60(b)(4) Motion ...," filed September 28, 2007.  (Document #285)

In his motion, Defendant contends that his federal drug conspiracy conviction of January 1998 is void in light of an alleged violation of The Speedy Trial Act, 18 U.S.C. § 3161(c)(1). Defendant further contends that his Indictment was returned after expiration of the five-year statute of limitations under 18 U.S.C. § 3282.[1]

Defendant relies upon Rule 60(b)(4) of the Federal Rules of Civil Procedure as the mechanism for reopening and setting aside final judgment.  Defendant cites Gonzalez v. Crosby, for the proposition that Rule 60(b)(4) provides him the ability to reopen his *federal criminal case* following final judgment. *See* Gonzalez v. Crosby, 125 S.Ct. 2641 (2005).  However the Supreme Court held in Gonzalez that Rule 60(b) was applicable in *civil* habeas proceedings under 28 U.S.C. § 2254 challenging an underlying *state criminal conviction*, and only to the extent that such application is

---

[1] Title 18 U.S.C. § 3282 provides a limitations period for federal non-capital offenses and reads as follows:

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

18 U.S.C. § 3282.

1

consistent with other federal statutes and rules.² Gonzalez, 125 S.Ct. at 2646. Most importantly, the Supreme Court contrasted a Section 2255 challenge to a *federal* conviction with a Section 2254 action. In Gonzalez, the Supreme Court expressly limited its holding to application in the latter, federal habeas actions pursuant to 28 U.S.C. §2254. Gonzalez, 125 S.Ct. at 2646 n. 3. This Defendant is a federal prisoner attempting to challenge a federal criminal conviction. As such, his avenue for collateral post-conviction relief is under §2255 – not §2254.

Defendant's criminal conviction and sentence has already been reviewed (twice) on direct appeal and was ultimately affirmed by the Fourth Circuit Court of Appeals. (Document #273) Defendant was resentenced in 2002 in light of changes and development in federal sentencing jurisprudence. Following his resentencing, Defendant petitioned the Supreme Court for a writ of certiorari and the petition was denied. (Document #280)

Defendant's latest filing raises issues that are more properly addressed within a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The undersigned similarly held in 2004 that a civil action purportedly brought by Defendant under 28 U.S.C. §1651, 28 U.S.C. §2241, and Rule 60(b)(4) of the Federal Rules of Civil Procedure was likewise more appropriately characterized as a collateral attack on his conviction and sentence. (*See Byrd v. United States*, 5:04CV77-V / Document #5) Indeed, in 2004, Defendant Byrd attempted to raise multiple jurisdictional challenges as well as the identical statute of limitations issue posed herein. (Id. / M & O at 3 / Petition at 31-35.) This Court's subsequent dismissal of Defendant's collateral attack was affirmed by the Fourth Circuit. (5:04CV77-V / Document #8-10)

For all of these reasons, the legal arguments advanced by Defendant Byrd are not properly before this Court. His motion, therefore, is hereby dismissed.

---

² Gonzalez addressed the related issue of when a Rule 60(b) motion might be characterized as a "second or successive habeas petition" under §2254 for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Gonzalez, 125 S.Ct. at 2646-2651 (Rule 60(b) motion challenging a previous AEDPA statute of limitations ruling is a *"nonmerits"* challenge, does not amount to a new "merits" claim, and does not constitute a successive habeas petition for purposes of §2254). While Defendant makes a statute of limitations argument, he does not argue that the Court's prior ruling on his 28 U.S.C. §2255 petition ran afoul of AEDPA. In addition, Defendant raises a Speedy Trial issue for the first time.

Signed: May 26, 2009

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge